UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL REALE,<br>    *Plaintiff*,<br><br>    v.<br><br>PROVIDENCE AND WORCESTER<br>RAILROAD COMPANY,<br>    *Defendant*. | No. 3:23-cv-990 (JAM) |

## CERTIFICATION TO STATE ATTORNEY GENERAL
## OF CONSTITUTIONAL CHALLENGE TO STATE LAW

This action involves a claim by a private party against a railroad for violation of Connecticut law governing the operation of railroads. The plaintiff claims that the defendant has violated Conn. Gen. Stat. § 13b-338, which provides as follows:

> No railroad corporation or receiver or assignee thereof, or its or his servant or agent, shall wilfully or negligently obstruct or unnecessarily and unreasonably use or occupy any highway or street, or shall in any case obstruct, use or occupy a highway or street with cars or engines for more than five minutes at one time. Any railroad corporation, or receiver or assignee thereof, violating any provision of this section shall be fined not more than one hundred dollars.

The plaintiff seeks relief pursuant to Conn. Gen. Stat. § 13b-339, which provides as follows:

> Any person traveling upon any public highway, which is crossed by the tracks of any railroad company, who is obstructed or prevented from crossing such tracks for a longer time than five minutes, by reason of any train, car or locomotive using or occupying such highway, or by any gate, may recover twenty-five dollars and costs from the corporation or person owning or operating such railroad, provided suit shall be brought within thirty days from the date of such obstruction. The person first filing notice with the Commissioner of Transportation of intention to bring suit under the provisions of this section shall be entitled to the only recovery for any such obstruction.

The defendant has filed a motion to dismiss, principally contending that these two statutes are preempted by the Interstate Commerce Commission Termination Act, 49 U.S.C. § 10501(b).[1]

---

[1] *See* Docs. #11, #12.

For actions such as this one where neither the State of Connecticut nor one of its officers or employees is a party and "the constitutionality of any statute of that State affecting the public interest is drawn in question," federal law requires the Court to certify "such fact" to the state attorney general and to "permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality." 28 U.S.C. § 2403(b). To the same effect, Rule 5.1 of the Federal Rules of Civil Procedure requires a court to issue a certification pursuant to 28 U.S.C. § 2403(b) as well as for the party raising the constitutional challenge to serve notice on the state attorney general. *See* Fed. R. Civ. P. 5.1(a)-(b).

Because preemption is governed by the Supremacy Clause of the U.S. Constitution, the defendant's preemption challenge is arguably a challenge to the constitutionality of Conn. Gen. Stat. § 13b-338 and § 13b-339. But courts have split on the issue of whether a preemption challenge amounts to a constitutional challenge within the scope of 28 U.S.C. § 2403(b) and Fed. R. Civ. P. 5.1(b). *See von Kahle v. Cargill, Inc.*, 2022 WL 4096164, at *1 (S.D.N.Y. 2022); *ThermoLife Int'l LLC v. NeoGenis Labs Inc.*, 2020 WL 6395442, at *15 (D. Ariz. 2020). But notwithstanding such uncertainty, "providing notice [to the state attorney general] is the better practice." *United States v. Zadeh*, 820 F.3d 746, 755 (5th Cir. 2016).

Accordingly, the Court issues this notice with an allowance pursuant to Fed. R. Civ. P. 5.1(c) for the Attorney General of Connecticut to file a motion to intervene and any opposition or other response to the defendant's motion to dismiss within 60 days of the date of this Order if he wishes to defend against the preemption challenge to Conn. Gen. Stat. § 13b-338 and § 13b-339. The Clerk of Court shall forthwith serve this notice on the Office of the Attorney General. The

defendant shall likewise serve a notice on the Attorney General as provided under Fed. R. Civ. P. 5.1(a) and file a notice of compliance on the docket within 7 days of this Order.

It is so ordered.

Dated at New Haven this 2d day of August 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge